GARAUFIS, J.

KUO, M.J.

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ FEB 28 2019 ★
BROOKLYN OFFICE

RTP:MCM/ELM
F. #2018R01268

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

- against -

WILLIAM JACOBSEN,
    also known as "Billy," and
MARTA MEDVEDEVA,

                    Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - X

I N D I C T M E N T

Cr. No. **CR 19 109**

(T. 8, U.S.C., § 1325(c); T. 18, U.S.C.,
§§ 371, 982(a)(6), 982(b)(1), 1546(a), 2
and 3551 et seq.; T. 21, U.S.C.,
§ 853(p))

THE GRAND JURY CHARGES:

## INTRODUCTION

At all times relevant to this Indictment, unless otherwise indicated:

I. <u>The Defendants and Relevant Entities</u>

    1.    The defendant WILLIAM JACOBSEN, also known as "Billy," was a United States citizen. JACOBSEN resided in an apartment in the Brighton Beach neighborhood of Brooklyn, New York (the "Brighton Apartment").

    2.    The defendant MARTA MEDVEDEVA was a Ukrainian citizen and a naturalized United States citizen.

    3.    The defendant MARTA MEDVEDEVA married the defendant WILLIAM JACOBSEN, also known as "Billy," on or about February 19, 2008, and became a United States citizen on or about September 20, 2014.

4.      United States Citizenship and Immigration Services ("USCIS") was a component agency of the United States Department of Homeland Security.  USCIS was the government agency responsible for overseeing lawful immigration into the United States.

II.     <u>Petitions for Lawful Permanent Resident Status for Foreign National Spouses of United States Citizens</u>

5.      Foreign nationals who were immediate relatives of United States citizens could obtain lawful permanent resident status, commonly referred to as a "Green Card," if they met certain eligibility requirements.  The term "immediate relative" referred to, among other familial relationships, the spouse of a United States citizen or lawful permanent resident.

6.      USCIS established procedures for United States citizens and lawful permanent residents to petition for lawful permanent resident status for their foreign national spouses.  When a foreign national spouse was already lawfully present within the United States, he or she was required to file an Application to Register Permanent Residence or Adjust Status ("Form I-485") with USCIS in order to obtain a Green Card based upon his or her marriage to a United States citizen.  Additionally, the United States citizen spouse was required to file a Petition for Alien Relative ("Form I-130") on behalf of the foreign national spouse.  The foreign national spouse was also required to file a Supplemental Information for Spouse Beneficiary form ("Form I-130A") in connection with the Form I-130 filed by his or her United States citizen spouse.  Spouses who submitted each of these forms certified, under penalty of perjury, that they had personally provided the information that was contained in the forms and that the information was complete, true and correct.

7. United States citizen spouses who filed a Form I-130 were instructed by USCIS that they could not file a Form I-130 on behalf of a foreign national who entered into a marriage in order to evade immigration laws. Additionally, United States citizen spouses who filed a Form I-130 were warned that USCIS investigated the familial relationship claimed in the Form I-130, and that individuals who entered into a marriage for the purpose of evading immigration laws could be subject to prosecution.

8. When a foreign national spouse filed a Form I-485 on the basis of his or her marriage to a United States citizen or lawful permanent resident, both the foreign national spouse and United States citizen spouse were required to be interviewed by a USCIS officer, unless USCIS waived the interview requirement. During the interview, the USCIS officer, among other things: (i) verified that the information provided by both spouses in the Forms I-485, I-130 and I-130A (collectively, the "Forms") was accurate; (ii) provided both spouses the opportunity to revise any answers that were incorrect or had changed since the filing of the Forms; (iii) asked the spouses to answer any unanswered questions and supplement any incomplete answers; and (iv) asked the spouses questions that were designed to determine whether the marriage was fraudulent, i.e., whether the foreign national and United States citizen had entered into a sham marriage for the purpose of evading immigration laws.

9. In some cases, a foreign national spouse who filed a Form I-485 was required to demonstrate that he or she was unlikely to rely on the United States government for financial support. In those cases, an individual known as a "sponsor" filed an Affidavit of Support under Section 213A of the Immigration and Nationality Act (the "INA") ("Form I-864") on behalf of the foreign national spouse. The sponsor filed the Form I-864 to

demonstrate that the foreign national spouse was not likely to need financial support from the United States government. Sponsors certified, under penalty of perjury, that the information contained on the Form I-864 was provided by the sponsor and was complete, true and correct.

III. The Fraudulent Scheme

10. From at least November 2016 to January 2019, the defendants WILLIAM JACOBSEN, also known as "Billy," and MARTA MEDVEDEVA, together with others, operated a marriage fraud scheme in Brooklyn, New York and elsewhere.

11. As the leaders of the scheme, the defendants WILLIAM JACOBSEN, also known as "Billy," and MARTA MEDVEDEVA recruited United States citizens (the "Citizen Spouses") to enter into fraudulent marriages with foreign nationals who wished to attain lawful permanent residency in the United States (the "Foreign National Spouses").

12. In furtherance of the scheme, the defendants WILLIAM JACOBSEN, also known as "Billy," and MARTA MEDVEDEVA recruited individuals to file Forms I-864 falsely attesting that they would provide the Foreign National Spouses with financial support (the "Sponsors").

13. In furtherance of the scheme, the defendant WILLIAM JACOBSEN, also known as "Billy," instructed the Citizen Spouses, Foreign National Spouses and Sponsors about how to provide false information and supporting documents, including but not limited to statements for joint bank accounts, rental agreements and other documents created or obtained for the purpose of evading detection of immigration enforcement authorities, in connection with their filing of Forms I-485, I-130, I-130A and I-864. JACOBSEN also instructed the Citizen Spouses and Foreign National Spouses about how to

falsely answer questions they would be asked about their fraudulent marriages during the USCIS interviews.

14.  The defendants WILLIAM JACOBSEN, also known as "Billy," and MARTA MEDVEDEVA charged each Foreign National Spouse approximately $30,000 for their assistance in facilitating the fraudulent marriages and instructing them about how to defraud USCIS.  JACOBSEN and MEDVEDEVA passed on part of those payments – approximately $10,000 per fraudulent marriage – to the Citizen Spouses and Sponsors.

## COUNT ONE
(Conspiracy to Defraud the United States and Commit Marriage and Immigration Fraud)

15.  The allegations contained in paragraphs one through 14 are realleged and incorporated as if fully set forth in this paragraph.

16.  In or about and between November 2016 and January 2019, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants WILLIAM JACOBSEN, also known as "Billy," and MARTA MEDVEDEVA, together with others, did knowingly and willfully conspire:

(a)  to defraud the United States by impeding, impairing and obstructing the lawful governmental functions of USCIS to administer, regulate and enforce the regulations and laws relating to immigration and naturalization;

(b)  to assist others in entering into fraudulent marriages for the purpose of evading one or more provisions of the immigration laws, contrary to Title 8, United States Code, Section 1325(c); and

(c)  to knowingly subscribe as true, under penalty of perjury under Title 28, United States Code, Section 1746, one or more false statements with respect to

material facts, to wit: statements concerning the nature and purpose of marriages between United States citizens and foreign nationals seeking lawful permanent residency in the United States, in one or more applications, affidavits and other documents required by the immigration laws and regulations prescribed thereunder, to wit: Forms I-485, Forms I-130, Forms I-130A, Forms I-864 and supporting documents, and to knowingly present such applications, affidavits and other documents which contained false statements and which failed to contain any reasonable basis in law and fact, contrary to Title 18, United States Code, Section 1546(a).

17. In furtherance of the conspiracy and to effect its objects, within the Eastern District of New York and elsewhere, the defendants WILLIAM JACOBSEN, also known as "Billy," and MARTA MEDVEDEVA, together with others, did commit and cause the commission of, among others, the following:

## OVERT ACTS

### Fraudulent Marriage One

(a) On or about November 14, 2016, Foreign National Spouse 1, an individual whose identity is known to the Grand Jury, entered into a fraudulent marriage with Citizen Spouse 1, an individual whose identity is known to the Grand Jury.

(b) On or about April 27, 2017, Co-Conspirator 1, an individual whose identity is known to the Grand Jury, filed a Form I-864 with USCIS in which Co-Conspirator 1 falsely certified that Co-Conspirator 1 would act as a sponsor for Foreign National Spouse 1 in connection with Foreign National Spouse 1's petition for a Green Card.

(c) On or about May 12, 2017, Foreign National Spouse 1 and Citizen Spouse 1 filed Forms I-485, I-130 and I-130A with USCIS in support of Foreign

National Spouse 1's petition for a Green Card, in which they falsely certified, among other things, that they were living together at the same residence.

(d) On or about November 21, 2018, JACOBSEN met with Foreign National Spouse 1 and Citizen Spouse 1 at the Brighton Apartment and instructed them about how to falsely answer questions at their upcoming interview with USCIS.

(e) On or about November 27, 2018, Foreign National Spouse 1 and Citizen Spouse 1 were interviewed by USCIS regarding Foreign National Spouse 1's petition for a Green Card.

(f) On or about November 28, 2018, JACOBSEN received $1,000 from Citizen Spouse 1 and Co-Conspirator 1, as partial payment for JACOBSEN's assistance in coaching Foreign National Spouse 1 and Citizen Spouse 1 in advance of their interview with USCIS.

Fraudulent Marriage Two

(g) On or about April 20, 2017, Foreign National Spouse 2, an individual whose identity is known to the Grand Jury, entered into a fraudulent marriage with Citizen Spouse 2, an individual whose identity is known to the Grand Jury.

(h) On or about May 31, 2017, Foreign National Spouse 2 and Citizen Spouse 2 filed Forms I-130 and I-130A with USCIS in support of Foreign National Spouse 2's petition for a Green Card, in which they falsely certified, among other things, that they were living together at the same residence.

(i) On or about January 5, 2019, JACOBSEN met with Foreign National Spouse 2 and Citizen Spouse 2 at the Brighton Apartment and instructed them about how to falsely answer questions at their upcoming interview with USCIS.

(j)     On or about January 8, 2019, JACOBSEN spoke to Co-Conspirator 2, an individual whose identity is known to the Grand Jury, over the telephone. During the telephone call, Co-Conspirator 2 agreed to act as a sponsor for, and to file a fraudulent Form I-864 and supporting documentation in connection with, Foreign National Spouse 2's petition for a Green Card.

(k)     On or about January 8, 2019, JACOBSEN exchanged a series of text messages with Foreign National Spouse 2. During the text message exchange, JACOBSEN instructed Foreign National Spouse 2 about how to mislead a USCIS interviewer regarding Citizen Spouse 2's residence in order to evade detection of the fraudulent marriage.

(l)     On or about January 11, 2019, JACOBSEN provided Foreign National Spouse 2 and Citizen Spouse 2 with copies of documents that Co-Conspirator 2 intended to file in support of the fraudulent Form I-864 on behalf of Foreign National Spouse 2.

### Fraudulent Marriage Three

(m)     On or about June 16, 2017, Foreign National Spouse 3, an individual whose identity is known to the Grand Jury, entered into a fraudulent marriage with Citizen Spouse 3, an individual whose identity is known to the Grand Jury.

(n)     On or about December 15, 2017, Foreign National Spouse 3 and Citizen Spouse 3 filed Forms I-130 and I-130A with USCIS in support of Foreign National Spouse 3's petition for a Green Card, in which they falsely certified, among other things, that they were living together at the same residence.

(o)     On or about December 17, 2018, JACOBSEN spoke to Citizen Spouse 3 over the telephone. During the telephone call, JACOBSEN provided Citizen Spouse 3 with information regarding Foreign National Spouse 3's prior immigration proceedings for the purpose of enabling Citizen Spouse 3 to mislead a USCIS interviewer regarding Citizen Spouse 3's knowledge of Foreign National Spouse 3's background.

(p)     On or about December 17, 2018, JACOBSEN met with Foreign National Spouse 3 and Citizen Spouse 3 at the Brighton Apartment and instructed them about how to falsely answer questions at their upcoming interview with USCIS.

(q)     On or about December 18, 2018, Foreign National Spouse 3 and Citizen Spouse 3 were interviewed by USCIS regarding Foreign National Spouse 3's petition for a Green Card.

(r)     On or about December 18, 2018, MEDVEDEVA reported to JACOBSEN, in a telephone conversation, that Foreign National Spouse 3 had called MEDVEDEVA after the interview with USCIS and reported that it had gone well.

(Title 18, United States Code, Sections 371 and 3551 et seq.)

COUNT TWO
(Marriage Fraud – Fraudulent Marriage One)

18.     The allegations contained in paragraphs one through 14 are realleged and incorporated as if fully set forth in this paragraph.

19.     In or about and between November 2016 and November 2018, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants WILLIAM JACOBSEN, also known as "Billy," and MARTA MEDVEDEVA, together with others, did knowingly and intentionally aid, abet, counsel,

command, induce and procure others to enter into a marriage for the purpose of evading one or more provisions of the immigration laws, to wit: a fraudulent marriage between Citizen Spouse 1 and Foreign National Spouse 1.

(Title 8, United States Code, Section 1325(c); Title 18, United States Code, Sections 2 and 3551 et seq.)

## COUNT THREE
(Marriage Fraud – Fraudulent Marriage Two)

20. The allegations contained in paragraphs one through 14 are realleged and incorporated as if fully set forth in this paragraph.

21. In or about and between April 2017 and January 2019, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants WILLIAM JACOBSEN, also known as "Billy," and MARTA MEDVEDEVA, together with others, did knowingly and intentionally aid, abet, counsel, command, induce and procure others to enter into a marriage for the purpose of evading one or more provisions of the immigration laws, to wit: a fraudulent marriage between Citizen Spouse 2 and Foreign National Spouse 2.

(Title 8, United States Code, Section 1325(c); Title 18, United States Code, Sections 2 and 3551 et seq.)

## COUNT FOUR
(Marriage Fraud – Fraudulent Marriage Three)

22. The allegations contained in paragraphs one through 14 are realleged and incorporated as if fully set forth in this paragraph.

23. In or about and between June 2017 and December 2018, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the

defendants WILLIAM JACOBSEN, also known as "Billy," and MARTA MEDVEDEVA, together with others, did knowingly and intentionally aid, abet, counsel, command, induce and procure others to enter into a marriage for the purpose of evading one or more provisions of the immigration laws, to wit: a fraudulent marriage between Citizen Spouse 3 and Foreign National Spouse 3.

(Title 8, United States Code, Section 1325(c); Title 18, United States Code, Sections 2 and 3551 et seq.)

## COUNTS FIVE THROUGH TWELVE
(Immigration Fraud)

24. The allegations contained in paragraphs one through 14 are realleged and incorporated as if fully set forth in this paragraph.

25. On or about the dates set forth below, within the Eastern District of New York and elsewhere, the defendants WILLIAM JACOBSEN, also known as "Billy," and MARTA MEDVEDEVA, together with others, did knowingly and intentionally aid, abet, counsel, command, induce and procure others to subscribe as true, under penalty of perjury under Title 28, United States Code, Section 1746, one or more false statements with respect to one or more material facts, to wit: statements concerning the nature and purpose of marriages between United States citizens and foreign nationals seeking lawful permanent residency in the United States, in one or more applications, affidavits and other documents required by the immigration laws and regulations prescribed thereunder, to wit: a Form I-485, Form I-130 or Form I-130A, as set forth below, and supporting documents, and to knowingly present such applications, affidavits and other documents that contained false statements and that failed to contain any reasonable basis in law and fact:

Case 1:19-cr-00109-NGG   Document 18   Filed 02/28/19   Page 12 of 14 PageID #: 145

12

| COUNT | APPROXIMATE DATE OF SUBMISSION | DOCUMENT | SIGNATORY |
|---|---|---|---|
| FIVE | May 12, 2017 | Form I-485 | Foreign National Spouse 1 |
| SIX | May 12, 2017 | Form I-130A | Foreign National Spouse 1 |
| SEVEN | May 12, 2017 | Form I-130 | Citizen Spouse 1 |
| EIGHT | May 31, 2017 | Form I-485 | Foreign National Spouse 2 |
| NINE | May 31, 2017 | Form I-130 | Citizen Spouse 2 |
| TEN | May 31, 2017 | Form I-130A | Foreign National Spouse 2 |
| ELEVEN | December 15, 2017 | Form I-130A | Foreign National Spouse 3 |
| TWELVE | December 15, 2017 | Form I-130 | Citizen Spouse 3 |

(Title 18, United States Code, Sections 1546(a), 2 and 3551 et seq.)

## CRIMINAL FORFEITURE ALLEGATION
## AS TO COUNTS ONE AND FIVE THROUGH TWELVE

26.  The United States hereby gives notice to the defendants that, upon their conviction of any of the offenses charged in Counts One and Five through Twelve, the government will seek forfeiture in accordance with Title 18, United States Code, Section 982(a)(6), which requires the forfeiture of (a) any conveyance, including any vessel, vehicle or aircraft used in the commission of such offenses; (b) any property, real or personal, that constitutes, or is derived from or is traceable to, the proceeds obtained directly or indirectly from the commission of such offenses; and (c) any property, real or personal, that is used to facilitate, or is intended to be used to facilitate, the commission of such offenses.

27.  If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

  (a) cannot be located upon the exercise of due diligence;

  (b) has been transferred or sold to, or deposited with, a third party;

  (c) has been placed beyond the jurisdiction of the court;

  (d) has been substantially diminished in value; or

  (e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1), to seek forfeiture of any other property of the defendants up to the value of the forfeitable property described in this forfeiture allegation.

  (Title 18, United States Code, Sections 982(a)(6) and 982(b)(1); Title 21, United States Code, Section 853(p))

A TRUE BILL

_____
FOREPERSON

_____
RICHARD P. DONOGHUE
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

BY: _____
ACTING UNITED STATES ATTORNEY
PURSUANT TO 28 C.F.R. 0.136

F.#: 2018R01268
FORM DBD-34
JUN. 85

No. _____

# UNITED STATES DISTRICT COURT

EASTERN *District of* NEW YORK
CRIMINAL DIVISION

THE UNITED STATES OF AMERICA

*vs.*

WILLIAM JACOBSEN, ALSO KNOWN AS "BILLY," AND
MARTA MEDVEDEVA,

Defendants.

## INDICTMENT

(T. 8, U.S.C., § 1325(c); T. 18, U.S.C., §§ 371, 982(a)(6), 982(b)(1), 1546(a), 2 and 3551 et seq.; T. 21, U.S.C. § 853(p))

A true bill.

_____ 2/28/2019
*Foreperson*

Filed in open court this _____ day,

of _____ A.D. 20 ___

_____
*Clerk*

Bail, $ _____

*Elizabeth Macchiaverna, Assistant U.S. Attorney (718) 254-6351*